# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GEORGE ANTAR, an individual, | : |
| | : Case No.: 22-cv-23299 |
| Plaintiff, | : |
| vs. | : |
| | : |
| LEXINGTON NATIONAL INSURANCE CORPORATION, a Maryland corporation, and MARTIN KERRINS, an individual, | : |
| Defendants. | : |
| _____/ | |

## COMPLAINT AND REQUEST FOR INJUNCTION

Plaintiff, GEORGE ANTAR, an individual ("Antar" and/or "Plaintiff"), by and through undersigned counsel, hereby brings this action for declaratory and equitable relief against defendant, LEXINGTON NATIONAL INSURANCE CORPORATION ("Lexington" and/or "Defendant"), and for damages against defendant, MARTIN KERRINS ("Kerrins"), and alleges as follows:

## INTRODUCTION

1. On March 28, 2019, Akrum Alrahib ("Alrahib") was charged by indictment with conspiracy (18 U.S.C. § 371) (Count 1); conspiracy to commit wire fraud (18 U.S.C. § 1349) (Count 2); wire fraud (18 U.S.C. § 1343) (Counts 3-4); and fraudulent refusal to pay or evasion of Federal Tobacco Excise Tax (26 U.S.C. § 5762(a)(3)) (Counts 5-30).

2. The criminal court set a corporate surety bond for $1 million and a personal surety bond for $1.5 million.

Mansfield Bronstein & Stone, LLP
*500 Broward Boulevard, Suite 1400, Fort Lauderdale, Florida 33394*
*Phone (954) 601-5600 Fax (954) 961-4756*

3. Both the personal and corporate surety bonds were then secured by co-signatories and sureties George Antar and Martin P. Kerrins, and by Lexington National Insurance Corporation.

4. The Government subsequently moved to revoke and estreat Alrahib's two bond orders after alleging that Alrahib engaged in witness tampering and contempt, among other bond violations.

5. Alrahib agreed to the revocation of his pretrial release order and has since admitted to the conduct causing the bond violations.

6. On June 27, 2022, United States Magistrate Judge Lauren Fleischer Louis recommended that the Bond be forfeited and estreat and that no portion of the Bond be remitted or set aside.

7. On or around July 14, 2022, Antar received a Notice of Default by Certified Mail advising that his property located at 4131 Van Dyke Avenue, San Diego, CA 92105 (the "Subject Property") is in foreclosure and may be sold in 90 days from the date the Notice of Default was recorded (July 13, 2022) unless the amount of $1,062,427.75 is paid in full. A true and correct copy of the Notice of Default is attached hereto as Exhibit "A."

8. On September 12, 2022, United States District Judge Rodney Smith entered an order affirming and adopting the Magistrate Judge's Report and Recommendation, overruling the objections, granting the Government's Motion to Revoke and Estreat Bond, and forfeiting the $2.5 million surety bond posted in the case. Shortly thereafter, an appeal was filed.

Page 2 of 10

Mansfield Bronstein & Stone, LLP
*500 Broward Boulevard, Suite 1400, Fort Lauderdale, Florida 33394*
*Phone (954) 601-5600 Fax (954) 961-4756*

9. As such, on September 23, 2022, United States District Judge Rodney Smith entered a paperless order staying the order entered on September 12, 2022 forfeiting the bond until a final mandate is issued by the 11th Circuit of Appeals.

10. However, even though the order forfeiting the bond has been stayed, Lexington has made it clear that it intends on proceeding with the foreclosure of the Subject Property that was put up as collateral for the $1 million corporate surety bond.

## JURISDICTION AND VENUE

11. Plaintiff is a resident of California.

12. Lexington's principal place of business is located in Maryland.

13. Kerrins is believed to be a resident of Illinois.

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 based upon the federal claims asserted under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 pursuant to 28 U.S.C § 1332(a). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 18 U.S.C. §1965, because a substantial part of the events or omissions giving rise to the claim occurred in this District and the Defendants transacted affairs and conducted activity that gave rise to the claim of relief in this District. 28 U.S.C. § 1391(b); 18 U.S.C. §1965(a).

Mansfield Bronstein & Stone, LLP
*500 Broward Boulevard, Suite 1400, Fort Lauderdale, Florida 33394*
*Phone (954) 601-5600 Fax (954) 961-4756*

## GENERAL ALLEGATIONS

16. At the age of 13, Antar met Ramzy, Mousa and Sandy (collectively, the "Rahib Family") in a religion class through the local church. Their mother, Olga Rahib and Antar's mother became extremely close friends and over the years the two families considered themselves to be one.

17. In or around 2004, Sandy Rahib introduced Antar to Alrahib, a successful tobacco entrepreneur, and her finance. Shortly thereafter, Sandy and Alrahib were married.

18. Starting in 2017, after Sandy and Alrahib moved from Florida to California, Antar and Alrahib would see each other often at dinners at Olga Rahib's house and other family events. Sometime in 2017, Alrahib approached Antar with an opportunity to invest in what he proclaimed to be his lucrative tobacco company.

19. In 2018, Antar invested $1,222,000.00 in Alrahib's tobacco business and another $150,000.00 into a company started by Alrahib to manufacture glass products for tobacco in Mexico.

20. Antar was involved in several business ventures with Ramzy, Mousa and Alrahib over the years. He would provide them with loans at the drop of a hat and they always paid him back. Thus, a relationship of trust was built up over a period of many years. So much so, that Antar even purchased a Tesla in his name and gave it to Sandy to drive just because he could get a very good deal with Tesla and Alrahib asked him to do so. Of course, Sandy and Alrahib were to pay Antar the monthly payments.

Mansfield Bronstein & Stone, LLP
*500 Broward Boulevard, Suite 1400, Fort Lauderdale, Florida 33394*
*Phone (954) 601-5600 Fax (954) 961-4756*

21. Clearly, the Rahib Family and Alrahib considered Antar to be their personal bank whenever they needed money to close a business transaction, start a business, or purchase a luxury vehicle.

22. Several months prior to Alrahib's indictment, Antar requested and received the majority of his investment in the tobacco business back from Alrahib.

23. Upon Alrahib's indictment in March 2019, the Rahib Family advised Antar that they could not put up any collateral to obtain a bond for Alrahib's release from jail because their assets were potentially purchased with funds of the allegedly illegal tobacco enterprise owned and operated by Rahib.

24. As such, the Rahib Family pressured Antar and Kerrins to put up their properties as collateral for the bonds. To induce Antar to put up his property as collateral, the Rahib Family promised him that he would not lose his property and that if anything were to happen, they would take care of him with the $50 million lawsuit settlement they were receiving from Swisher Sweet.

25. Immediately, Ramzy obtained appraisals of Antar's properties and submitted those appraisals to the bond company.

26. Due to the close relationship of trust between Antar and the Rahib Family, the pressure exerted by the Rahib Family, and the material statements of inducement made by the Rahib Family that manipulated Antar into feeling protected, Antar agreed to put his property located at 4131 Van Dyke Avenue, San Diego, CA 92105 up as collateral for the corporate surety bond from Lexington (the "Subject Property"). The Subject Property is commercial property that is Antar's primary source of income.

Page 5 of 10

Mansfield Bronstein & Stone, LLP
*500 Broward Boulevard, Suite 1400, Fort Lauderdale, Florida 33394*
*Phone (954) 601-5600 Fax (954) 961-4756*

27. On or around May 10, 2019, Antar attended and testified at a hearing in front of the Magistrate Judge assigned to the criminal matter where the Magistrate Judge recommended the amount of bond to be set for the defendant. At that hearing, Antar was only instructed and made aware that the bond could be revoked if the defendant attempted to flee. He was never advised and/or never understood that there were other conditions of the bond that could result in forfeiture of the bond and the Subject Property being taken to pay the same. Indeed, the Standard Conditions of Bond Order issued by the Court on May 21, 2019 in which all of the conditions of the bond are laid out is not executed by Antar. A copy of the Standard Conditions of Bond Order is attached hereto as Exhibit "B."

28. In order to obtain the bond, 10% of the bond amount of $1 million had to be paid, which amounted to $100,000.00. Antar paid $5,000, Antar's daughter paid $35,000.00, and Kerrins paid $60,000.00. Yet, the amount sought by Lexington does not appear to take these payments into account.

29. In May 2019, as part of obtaining the bond, Antar entered into an Indemnification Agreement with Lexington. The Indemnification Agreement provides that Antar was required to have Alrahib (the defendant) appear in any court required in connection with the Bond at the times stated in the Bond and all other times as may be ordered by the court. A copy of the Indemnification Agreement is attached hereto as Exhibit "C."

30. The Indemnification Agreement only contemplates that Antar is required to indemnify Lexington if the Bond was forfeited for failure of Alrahib to appear in any court required in connection with the Bond. It does not contemplate indemnification under any other conditions of the Bond and again, Antar was not aware that any other conditions existed.

Page 6 of 10

Mansfield Bronstein & Stone, LLP
*500 Broward Boulevard, Suite 1400, Fort Lauderdale, Florida 33394*
*Phone (954) 601-5600 Fax (954) 961-4756*

31. Further, the Indemnification Agreement does not provide that any consideration was provided and there was none.

32. In connection with the Indemnification Agreement, on May 13, 2019, Antar executed a Deed of Trust to convey his property to a trustee as security for the Bond. A copy of the Deed of Trust ("DOT") is attached hereto as Exhibit "D."

33. While the DOT states that a notary was present when Antar executed the same, there was no notary present and the notary acknowledgement was added to the document after the fact.

34. Additionally, the amount sought by Lexington is incorrect as it does not take into account the monies already paid to Lexington for 10% of the bond amount, which is $100,000.00.

35. Lastly, as the order forfeiting the bond has been stayed by the criminal court pending a decision by the appellate, Lexington should not be allowed to foreclose upon the Subject Property unless the appellate court affirms the decision, a judgment has been entered against Plaintiff for the amount of the bond, and this Court finds that Lexington has a valid indemnification agreement.

36. As such, the Court should issue a temporary restraining order and/or preliminary injunction precluding Lexington from foreclosing on the Subject Property because Plaintiff's property, his main source of income for his family, will be taken away causing irreparable loss, and Lexington can proceed with auctioning the property for sale in California any time after October 11, 2022 pursuant to the Notice of Default.

37. All conditions precedent to this lawsuit, if any, have occurred, been performed, or have been waived.

Mansfield Bronstein & Stone, LLP
*500 Broward Boulevard, Suite 1400, Fort Lauderdale, Florida 33394*
*Phone (954) 601-5600 Fax (954) 961-4756*

38. As a result of the conduct set forth above, Antar has been forced to retain the undersigned attorneys to prosecute the instant action and is obligated to pay reasonable attorney's fees.

## CAUSES OF ACTION

### COUNT I
### DECLARATORY AND INJUNCTIVE RELIEF
### (against Lexington)

39. Plaintiff repeats and reincorporates Paragraphs 1 through 38 as if fully set forth herein.

40. This action is brought pursuant to the Declaratory Judgment Act at 28 U.S.C. §§ 2201-2202.

41. An actual and present controversy exists between Antar and Lexington with respect to the validity and applicability of the Indemnification Agreement and the validity of the Deed of Trust.

42. The Indemnification Agreement provides that Antar was required to have Alrahib (the defendant) appear in any court required in connection with the bond at the times stated in the bond and all other times as may be ordered by the court. See Ex. "C."

43. The Indemnification Agreement only contemplates that Antar is required to indemnify Lexington if the bond was forfeited for failure of Alrahib to appear in any court required in connection with the bond. It does not contemplate indemnification under any other conditions of the bond and Antar was not aware that any other conditions existed.

Page 8 of 10

Mansfield Bronstein & Stone, LLP
*500 Broward Boulevard, Suite 1400, Fort Lauderdale, Florida 33394*
*Phone (954) 601-5600 Fax (954) 961-4756*

44. Further, the Indemnification Agreement fails for lack of consideration as no consideration was given or exchanged for the agreement and the agreement itself fails to state that there was any consideration.

45. In addition, the DOT securing Antar's property as collateral for the bond was not properly executed for failure of notarization and is therefore, invalid and unenforceable.

WHEREFORE, Plaintiff, George Antar respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that: (i) the Indemnification Agreement is inapplicable to the forfeiture of the bond as a result of any conduct other than the failure of Alrahib (the defendant) to appear in court; and/or (ii) the Indemnification Agreement is invalid and unenforceable due to lack of consideration; and (iii) the Deed of Trust is invalid and unenforceable for failure of proper execution;

(b) Temporary Restraining Order, Preliminary Injunction and Permanent injunction preventing Lexington from foreclosing on the Subject Property;

(c) Award Plaintiff costs and attorney's fees incurred in this action to the extent permitted by law; and

(d) Grant such additional relief as the court deems just and proper.

## COUNT II
## CONTRIBUTION
## (against Martin Kerrins)

46. Plaintiff repeats and reincorporates Paragraphs 1 through 38 as if fully set forth herein.

Page 9 of 10

Mansfield Bronstein & Stone, LLP
*500 Broward Boulevard, Suite 1400, Fort Lauderdale, Florida 33394*
*Phone (954) 601-5600 Fax (954) 961-4756*

47. Antar and Kerrins are jointly and severally liable for the full amount of the bonds.

48. Lexington has made a demand on Antar and instituted foreclosure proceedings against the Subject Property for the full amount of the corporate surety bond.

49. Pursuant to Fla. Stat. § 768.31, Antar is entitled to contribution from Kerrins for 50% of the monies sought to be recovered by Lexington.

WHEREFORE, Plaintiff, **GEORGE ANTAR**, respectfully requests that this Court enter judgment against Martin Kerrins for 50% of the total monies sought to be recovered by Lexington, and for any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action for all Counts so triable.

Dated October 11, 2022                Respectfully submitted,

 /s/ Gary N. Mansfield
MANSFIELD BRONSTEIN & STONE, LLP
*Counsel for Plaintiff*
500 Broward Boulevard, Suite 1400
Fort Lauderdale, Florida 33394
Telephone: (954) 601-5600
Facsimile: (954) 961-4756
Gary N. Mansfield
Florida Bar No. 61913
Gary@mblawpa.com
David Stone
Florida Bar No. 400432
david@mblawpa.com
Ariane Wolinsky
Florida Bar No. 51719
Ariane@mblawpa.com
Designated Service Email:
litigation@mblawpa.com

Page 10 of 10

Mansfield Bronstein & Stone, LLP
*500 Broward Boulevard, Suite 1400, Fort Lauderdale, Florida 33394*
*Phone (954) 601-5600 Fax (954) 961-4756*