IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRCT OF FLORIDA

Case No.: 1:22-cv-23299-SMITH

| | |
|---|---|
| GEORGE ANTAR, an individual | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| LEXINGTON NATIONAL INSURANCE CORPORATION, a Maryland corporation, and MARTIN KERRINS, an individual, | ) ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | / |

**DEFENDANT LEXINGTON NATIONAL INSURANCE CORPOPRATION'S MOTION TO DISMISS AMENDED COMPLAINT OR TRANSFER CASE PURSUANT TO FED. R. CIV. PROC. 12(b)(3) AND 28 U.SC. §1406, AND ALTERNATIVE MOTION TO TRANFER VENUE OF THIS ACTION TO THE SOUTHEN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §1404(a); ATTACHED MEMORANDUM OF LAW**

(*Declaration of Mark Holtschneider and Proposed Order Filed Concurrently Herewith*)

COMES NOW DEFENDANT, LEXINGTON NATIONAL INSURANCE CORPORATION ("Lexington"), by and through the undersigned counsel, and moves this Court, pursuant to *Fed. R. Civ. Proc. 12(b)(3)* and *28 U.S.C. §1406*, for an order to dismiss Plaintiff's Amended Complaint, or to transfer venue of this matter to the United States District Court for the Southern District of California on the grounds that this lawsuit has been filed in an improper venue.

1

Alternatively, Lexington moves this court, pursuant to *28 U.S.C. §1404(a)*, for an order transferring venue of this matter to the United States District Court for the Southern District of California on the grounds that such a transfer is necessary for the convenience of the parties and the witnesses, and is otherwise in the interests of justice, as all of the important witnesses and sources of evidence are located in that district, and the transaction at issue took place there.

In support of this motion, Defendant states:

## MEMORANDUM OF LAW
## INTRODUCTION

Plaintiff George Antar, a resident of San Diego, California, procured a bail bond from Lexington to secure the release of a friend who had been indicted in Florida. Plaintiff procured the bail bond from a Lexington agent in San Diego. Plaintiff's application includes a home address in San Diego and a San Diego phone number. Plaintiff signed a contract in San Diego promising to indemnify and hold Lexington harmless if it was forced to pay the bond, and he put up an apartment building he owns in San Diego as collateral for that obligation. Plaintiff's friend, criminal defendant Akrum Alrahib, did not comply with the conditions of release, causing the court to forfeit the bond and triggering Plaintiff's indemnity obligations to Lexington. When Lexington initiated a non-judicial foreclosure on the San Diego apartment building upon Plaintiff's failure to honor those indemnity obligations, Plaintiff filed this lawsuit to enjoin the foreclosure –not in San Diego, where the entire transaction took place, but rather in the Southern District of Florida.

Plaintiff justifies filing this civil action in a district roughly 2,600 miles from where the transaction took place because he claims, "a substantial part of the events or omissions giving rise to the claim occurred in this District and the Defendants transacted affairs and conducted activity that gave rise to the claim of relief in this

District." *See* Plaintiff's Amended Complaint (Dkt. No. 7), ¶15. This is simply not true. Plaintiff's Amended Complaint fails to identify any part of the transaction between Plaintiff and Lexington that took place in South Florida, nor has he identified any "omissions" in this district which give rise to the claim. All of the "events or omissions" took place in the Southern District of California, a place three time zones away from this Court.

Under *28 U.S.C. §1391(b),* the proper venue for this lawsuit is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated". The Southern District of Florida is not that judicial district.

The only "event" that happened in this district was that Lexington's bond was deposited with the federal district court here. That "event" is not at issue. This case does not require the court to interpret the bond or apply its terms. It is not being asked to determine whether Mr. Alrahib breached the bond or whether the bond was properly declared forfeited – that has already been determined by the trial court in the criminal case and is now pending on appeal before the 11th Circuit. There are no legal or factual issues relating to the bond for this court to adjudicate.

Rather, Plaintiff is asking the Court to essentially abrogate the contract under which he promised to indemnify Lexington if the bond was declared forfeited. He asks this Court to hold that the agreement does not require him to indemnify Lexington for its losses when it clearly and unequivocally does. The legal and factual issues relevant to that issue involve "events or omissions" which took place in and near San Diego.

Plaintiff has the burden of proof on this motion to demonstrate that venue is proper. Plaintiff's Amended Complaint does not do so; in fact, the Amended Complaint conveniently omits that all of the events at issue here took place in California. Plaintiff will be unable to produce any facts to justify filing this lawsuit on the opposite side of the country from where the critical events occurred.

Even if the court were to find this judicial district to be a proper venue, it should nonetheless order this case transferred to the Southern District of California pursuant to *28 U.S.C. §1404(a)*. Given that the transactions took place there, the contract was entered there, the witnesses reside there (chiefly, the Plaintiff and the bail bond agent who assisted Plaintiff in procuring the bond), and the property at issue is located there, transfer to the Southern District of California is necessary to "avoid unnecessary inconvenience to the litigants, witnesses, and the public, and to conserve time, energy, and money." *Game Controller Tech. v. Sony Comput. Entm't Am. LLC,* 994 F.Supp.2d 1268, 1271 (S.D. Fla. 2014)**.**

This is a California case filed in Florida. Under either analysis, the Southern District of California is the proper venue, and in the interests of justice, this lawsuit must either be dismissed or transferred to that district. *28 U.S.C. §1406(a)*.

## STATEMENT OF FACTS

Plaintiff is a resident of California (Dkt. No. 7, ¶11). Criminal defendant Akrum Alrahib is also a San Diego resident and since 2004, he and Plaintiff have been friends and business partners (*Id.* ¶¶16-18). Plaintiff alleges several business ventures with Alrahib, including a lucrative tobacco import and sales business. (*Id*. ¶¶18-23). Alrahib skirted his obligation to pay excise taxes, and on March 28, 2019, he was indicted for conspiracy, wire fraud, tax evasion, and other charges.

Supposedly "pressured" by Alrahib's family, Plaintiff offered collateral for a $1 million corporate surety bond to secure Alrahib's release (Dkt. No. 7, ¶¶23-25). That bond was issued by Lexington, a Florida corporation with its principal place of

business in the State of Maryland (Declaration of Mark Holtschneider ¶¶3-4). Plaintiff procured the bond from Creative Bail Bonds, a Lexington bail bond agent located in Van Nuys, California, who was working with Watkins Bail Bonds, a sub-agent in San Diego, California (Holtschneider Dec. ¶5 and Exh. "A").

In connection with the bond, Plaintiff executed an "Indemnitor Application and Agreement" (hereinafter the "Indemnity Agreement"), and a "Deed of Trust with Assignment of Rents" (hereinafter the "Deed of Trust") (*Id.*, Exhs. "B" and "C"). Through the Indemnity Agreement, Plaintiff promised to indemnify Lexington and hold it harmless against from and against any and all losses, demands, liabilities, fees and expenses relating to, or arising out of, Surety's issuance or procurement of the Bond" (*Id.,* Exh. "B", ¶2). Plaintiff was essentially guaranteeing that Alrahib would comply with the terms of his release, and if he failed to do so and Lexington was forced to pay the bond, Plaintiff was agreeing to reimburse Lexington.

To secure this $1 million liability, Plaintiff executed the Deed of Trust, which put up collateral in the form of real property located at 4131 Van Dyke Ave., San Diego, California (*Id.* ¶8).  In both documents, Plaintiff identified his home address as 2236 Crandall Drive, San Diego, California, and he provided two San Diego-area phone numbers (*Id.* ¶9). Both the Indemnity Agreement and Deed of Trust were executed in San Diego (*Id.* ¶7).

When Alrahib breached the terms of his release, the Florida court revoked and forfeited the bond.  The $1 million forfeiture judgment is now on appeal in the 11th Circuit. Lexington has demanded that Plaintiff indemnify Lexington for the legal fees incurred and deposit with Lexington $1 million of cash collateral for the appealed judgment.  Plaintiff failed to do so.  Lexington therefore initiated a non-judicial foreclosure on the 4131 Van Dyke Ave., San Diego property.   The Notice of Default was mailed to Mr. Antar at his home address, 2236 Crandall Drive, San Diego, California (*Id.* ¶10 and Exh. "D").  The company processing the foreclosure,

Peak Foreclosure Services, Inc., is located in Woodland Hills, California, and the foreclosure auction will take place in California (*Id.* ¶11).

Plaintiff filed this lawsuit on October 11, 2022. He correctly alleges that he is a resident of California and that Lexington has its principle place of business in Maryland (Dkt. No. 7, ¶11, 12). He also sued Martin Kerrins, who also provided surety for Alrahib's bond. Mr. Kerrins is alleged to be a resident of Illinois (*Id.* ¶13).

## ARGUMENT

### I. PLAINTIFF HAS FAILED TO DEMONSTRATE THAT VENUE IN THE SOUTHERN DISTRICT OF FLORIDA IS PROPER

On a motion to dismiss for improper venue, the plaintiff bears the burden of showing that venue in the forum is proper. In determining whether that burden has been met, the court must accept all allegations of the complaint as true, unless contradicted by the defendant's affidavits, and when an allegation is so challenged the court may examine facts outside of the complaint to determine whether venue is proper. The court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004); *see also Hobbs v. US Health Advisors, LLC*, 2020 WL 13220417 (S.D. Fla. August 25, 2020), p. 1.

*28 U.S.C. §1391(b)* provides:

"(b) Venue in general.--A civil action may be brought in--

"(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

"(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> "(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Because Defendant Kerrins is not alleged to be resident of Florida, §1391(b)(1) is inapplicable. Plaintiff's Amended Complaint, ¶15, relies solely on §1391(b)(2) in its allegation that "a substantial part of the events or omissions giving rise to the claim occurred in this District and the Defendants transacted affairs and conducted activity that gave rise to the claim of relief in this District." (Dkt. No. 7 ¶15)[1].

Other than this conclusory allegation, however, the Amended Complaint fails to allege the location of any "events or omissions giving rise to the claim occurred". Because of this omission, and because Defendant's evidence (the accompanying Mark Holtschneider Declaration) clearly demonstrates that such "events or omissions" took place in and near San Diego, California, it is appropriate for this Court to determine this Rule 12(b)(3) motion based upon extrinsic evidence.

To be clear, the deposit of Lexington's surety bond in this judicial district is not an "event or omission" which gives rise to Plaintiff's claim. There is no dispute over the bond's terms, meaning, or requirements, and there is no dispute over Alrahib's breach of the bond. There is no dispute over the criminal court's revoking Alrahib's release or declaring it forfeited. Those issues have already been decided in the criminal case and are pending appeal in the 11th Circuit.

---

[1] Paragraph 15 also cites *18 U.S.C. §1965(a)* as a basis for venue in this district. This statute, however, governs venue for civil actions under the Racketeering Influenced and Corrupt Organizations Act. As no RICO violation is alleged here, it is inapplicable to this case.

The "events or omissions" in this case stem, rather, from the Plaintiff's attempt to avoid the consequence of the criminal court's action – specifically, his contractual promise to indemnify Lexington and hold it harmless from the $1 million bond forfeiture. The legal and factual issues do not relate to the bond, but rather to the Indemnity Agreement and the non-judicial foreclosure initiated pursuant to that contract and to the Deed of Trust.

This case, then, is simply a matter of interpreting a contract. Plaintiff contends, essentially (and wrongly)[2], that under the Indemnity Agreement, he was only obligated to indemnify Lexington if the bond was revoked because Alrahib failed to appear at a court hearing in his criminal case. Because the bond was revoked on other grounds, Plaintiff claims he should not have to indemnify Lexington against the forfeiture (Dkt. No. 7, ¶30).

While framed as a Declaratory Judgment action, Plaintiff's single count against Lexington is a simple contract case. In actions based on a contract, courts consider the following factors when determining whether a claim arose in a particular district: "(1) where payments were to be made under the contract, (2) where the contract was to be performed, (3) where negotiations occurred, and (4)

---

[2] Though not determinative of this motion, Plaintiff's interpretation of the bond is at best mistaken.  The Indemnity Agreement, which is attached as an exhibit to Plaintiff's Amended Complaint, requires Plaintiff to "indemnify the Surety and keep the Surety indemnified and hold it harmless from and against any and all losses, demands, liabilities, fees and expenses relating to, or arising out of, Surety's issuance or procurement of the Bond" (Exh. "B" to Holtschneider Dec. ¶2). The bond itself, which likewise is attached to Plaintiff's Amended Complaint, contains numerous conditions governing Alrahib's pre-trial release beyond merely appearing at court hearings (Exh. "A" to Holtschneider Dec., p. 2, "Special Conditions of Bond).  The court revoked the bond because Alrahib breached one such condition, continuing to work relating to the sale/import of tobacco products when the bond specifically precluded him from doing so.  As Plaintiff agreed to indemnify Lexington against "any and all losses" arising out of the issuance or procurement of the bond, his argument for limitation of that requirement does not hold water.

where the contract was executed." *Burger King Corp. v. Thomas*, 755 F.Supp. 1026, 1029 (S.D. Fla. 1991). Mr. Holtschneider's supporting declaration establishes that under that analysis, all of the actions giving rise to Plaintiff's claims occurred in the Southern District of California – and none in the Southern District of Florida. Plaintiff's Amended Complaint provides no contrary allegations, and Plaintiff can produce no evidence to the contrary.

This claim, in sum, did not arise in the Southern District of Florida. This is an improper venue under *28 U.S.C. §1391(b)*, and this case must be dismissed or transferred to the Southern District of California.

## II.   THE COURT SHOULD ORDER THIS MATTER TRANSFERRED PURSUANT TO 28 U.S.C. §1404(a)

Even if the Court could find this district to be a proper venue, it should still order this matter transferred to the Southern District of California under *28 U.S.C. §1404*(a), which reads:

> "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

As Your Honor has noted in the past, "The purpose of section 1404(a) is to 'avoid unnecessary inconvenience to the litigants, witnesses, and the public, and to conserve time, energy, and money.'" *Chicken Kitchen USA, LLC v. Tyson Foods, Inc.*, 2017 WL 6760811 (S.D. Fla. Oct. 4, 2017) at p. 2, citing *Game Controller Tech. v. Sony Comput. Entm't Am. LLC,* 994 F.Supp.2d 1268, 1271 (S.D. Fla. 2014). Under §1404(a), courts have broad discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and

Case 1:22-cv-23299-RS Document 25 Entered on FLSD Docket 12/16/2022 Page 10 of 13

fairness." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).

To prevail on a motion to transfer venue, Lexington must show (1) an adequate alternative forum is available; (2) the public and private factors weigh in favor of transfer; and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice. *GDG Acquisitions, LLC v. Government of Belize,* 749 F.3d 1024, 1028 (11th Cir. 2014). The public and private factors are:

> "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Chicken Kitchen, supra*, 2017 WL 6760811 at p. 2.

Applying these factors, it is overwhelmingly obvious that this court should transfer venue to the Southern District of California. The "locus of operative facts" is San Diego, where the contract was entered into. The witnesses are there. The documents were entered into there, and the sources of proof are there.

The relative means of the parties is not a factor. Plaintiff is a resident of California. There is obviously no burden on Plaintiff to litigate and, if necessary try, this case in his home state and home county. Also not a factor is the forum's familiarity with the governing law – California is just as capable of applying the rules relating to contracts and declaratory relief as any other forum, and this case presents no Florida-specific claims.

10

Plaintiff's choice of forum should be accorded very little weight. "[W]here the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Id.* at p. 4, quoting *Motorola Mobility, Inc. v. Microsoft Corp.,* 804 F.Supp.2d 1271, 1276 (S.D. Fla. 2011). The operative facts occurred in California, not in the Southern District of Florida.

Finally, with the events giving rise to this dispute having occurred in California, and the witnesses and proof there, it is more than evident that any trial will be conducted more efficiently in the Southern District of California. Thus, the "totality of the circumstances" mandate that this case be transferred there in the interests of justice.

## CONCLUSION

This is a California case. It involves a contract entered into by a California resident in California, through the auspices of a California bail agent. The case seeks to enjoin the non-judicial foreclosure of property located in California. Florida has next-to-no connection to this case. Florida is the wrong forum under *28 U.S.C. §1391*, and given that there is a much better forum, if the case is not dismissed, it should be transferred under *28 U.S.C. §1404(a)*. It is mystifying that Plaintiff is forcing Lexington to adjudicate the facts of this case 2,600 miles away from where the events at issue took place and 2,600 miles away from the witnesses and sources of evidence.

**WHEREFORE**, Defendant Lexington prays for an order dismissing this action or transferring this matter to the United States District Court for the Southern District of California.

Undersigned counsel, Vincent S. Gannuscio, certifies pursuant to Local Rule 7.1(a)(3) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated: December 16, 2022.

Respectfully submitted.

| ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP | JEFFREY S. WEINER, P.A. |
|---|---|
| /s Vincent S. Gannuscio<br>Vincent S. Gannuscio<br>Fl. Bar No. 18110<br>5900 Canoga Ave., Ste. 450<br>Woodland Hills, CA 93010<br>Tel: 818-992-9999<br>FAX: 818-992-9991<br>Email: vsg@rpnalaw.com<br>Attorneys for Defendant<br>Lexington National Insurance Corporation | /s Jeffrey S. Weiner<br>Jeffrey S. Weiner<br>Fl. Bar No. 185214<br>Yisel Villar<br>Fl. Bar No. 1015657<br>9130 S. Dadeland Blvd., Ste. 1910<br>Miami, FL 33156<br>Tel: 305-670-9919<br>Fax: 305-670-9299<br>Email: lawfirm@jeffweiner.com<br>Attorneys for Defendant<br>Lexington National Insurance Corporation |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using CM/ECF system which will send a notice of electronic filing to all counsel of record this 16th day of December, 2022.

| ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP | JEFFREY S. WEINER, P.A. |
|---|---|
| /s Vincent S. Gannuscio<br>Vincent S. Gannuscio<br>Fl. Bar No. 18110<br>5900 Canoga Ave., Ste. 450<br>Woodland Hills, CA 93010<br>Tel: 818-992-9999<br>FAX: 818-992-9991<br>Email: vsg@rpnalaw.com<br>Attorneys for Defendant<br>Lexington National Insurance Corporation | /s Jeffrey S. Weiner<br>Jeffrey S. Weiner<br>Fl. Bar No. 185214<br>Yisel Villar<br>Fl. Bar No. 1015657<br>9130 S. Dadeland Blvd., Ste. 1910<br>Miami, FL 33156<br>Tel: 305-670-9919<br>Fax: 305-670-9299<br>Email: lawfirm@jeffweiner.com<br>Attorneys for Defendant<br>Lexington National Insurance Corporation |